MORRIS et al. v. BARTLETT et al.

SAME v. WHITAKER et al.

(District Court, E. D. Pennsylvania. February 16, 1900.)

Nos. 40, 65.

JUDGMENT—RES JUDICATA.

A judgment in a proceeding in rem in the admiralty court, that a contract for repairs on a vessel did not bind the vessel or her owners, but that it was agreed that payment should be had out of her earnings, is a bar to a personal action against the owners to recover for such repairs.

In Admiralty.

Joseph Hill Brinton, for libelants.

Edward F. Pugh and Henry Flanders, for respondents.

McPHERSON, District Judge. These two suits rest upon the same cause of action, a claim for repairs to the schooner Jennie Middleton. One is a proceeding in personam against certain part owners of the vessel, and the other is a foreign attachment, in which the master and the managing owners have been summoned as garnishees; but both are founded upon the same averment, namely, that the repairs for which the libelants seek to recover were done upon the request of the master and of the managing owners, the remaining owners being personally bound by this act of their agents. The defense is that the point is res adjudicata, the same question having been raised and determined in a proceeding in rem against the vessel in the admiralty court for the district of New Jersey. The record in that case discloses the following facts: The libelants averred that the repairs were done at the request of the master, while the answer of the respondents declared that the contract to repair was made by the libelants with the managing owners, and that the express agreement was that the repairs were to be paid for out of the earnings of the schooner, and from no other source. On the issue thus formed, testimony was taken, and upon the final hearing Judge Kirkpatrick found as a fact that the agreement was as the respondents alleged. Part of his opinion is as follows:

"In March, 1898, the schooner Jennie Middleton was in the yard of the libelants at Camden, N. J., in need of repairs. The captain did not feel authorized to determine the extent of these repairs, and the shipwrights were referred by him to Messrs. Bartlett & Sheppard, of Philadelphia, who were the managing owners of the schooner, for orders respecting the same. Subsequently, Mr. Mathis, one of the libelants, and Mr. Bartlett, one of the managing owners, met at the office of Bartlett & Sheppard, and discussed the matter of the extent of the repairs to the schooner, when Mr. Bartlett directed Mr. Mathis to make only such repairs as he might deem necessary. Mr. Mathis then asked if Messrs. Bartlett & Sheppard would personally guaranty the bill for the repairs, to which they replied, 'No.' It is asserted by Mr. Bartlett, and Mr. G. W. Sheppard, Jr., who was present at the interview, that Bartlett said to Mathis that, if he (Mathis) took the job of repairing the schooner, he would be obliged to wait for his pay until the schooner had earned the money, and that to this Mathis agreed. Mathis denies that he did so agree, but I think his denial relates to any express agreement on his part; for I am satisfied that the understanding of the parties was that the repairs should be paid from the earnings of the schooner, as had been their custom

in previous dealings. It is not by any one alleged that at this meeting, when the repairs were ordered, anything was said by which it was agreed or suggested that the repairs should be a lien upon the boat. * * * The record fails to disclose any evidence of express contract for lien, and the only circumstance from which it could be inferred is the refusal of the managing owners to pledge their personal credit for the repairs. I think such inference, however, unwarranted, in view of the evidence relating to the agreement of the libelants to accept payment for repairs to the schooner out of the earnings as they accrued."

A decree was accordingly entered dismissing the libel. I think this decree is decisive of the present controversy. The question is not whether an action in rem and an action in personam may not both be brought, either simultaneously or successively, to enforce a claim for repairs, but whether, after one form of action has been chosen and the controversy has been fully heard on the merits, an unsuccessful libelant may, by a change to another form of action, secure a second hearing of the cause. The subject-matter of the present suits is the same as the subject-matter of the suit in rem; the parties are the same, for the vessel and the stipulation represented the interests of all the owners, and the master appeared for the owners then as the managing owners appear now; and the only question in dispute is the question already decided by Judge Kirkpatrick, namely, was the contract binding upon the owners, or was it expressly confined to her earnings? The vessel could not be bound unless the owners were bound. This decision, having been made directly upon the merits, in a suit between the same parties, before a court of competent jurisdiction, concerning a matter that was distinctly in issue as a ground for recovery, is a final determination of the question in the present controversy between the libelants and the respondents.

A decree may be entered in each case dismissing the libel, with costs.